UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 722 CDP |
| ) | |
| UNITED STATES GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff filed this *pro se* "Petition to Sue the United States Government," which does not name any government agency or any individual defendant. Plaintiff complains of "Illegal Actions of the United States District Court for the Eastern District of Missouri." Plaintiff alleges that an earlier lawsuit, *Metro Publishing Group, Inc. v. Murphy*, 4: 15CV 1886 CEJ, was wrongly dismissed. Plaintiff appealed the dismissal of that lawsuit, and the district court's dismissal was upheld by the Eighth Circuit Court of Appeals. [Doc. #71, #72, #73].

Although plaintiff failed to name a proper party as a defendant, an Assistant United States Attorney nevertheless entered an appearance on behalf of defendant in this matter and moved for dismissal of the complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff responded by filing a host of meritless and nonsensical motions which do nothing to correct the deficiencies of the complaint. Plaintiff has also

moved numerous times for default judgment, insisting that "the United States Government" is in default for failing to respond to the complaint until July 30, 2018, when the motion to dismiss was filed. Even if the "United States Government" were a properly named and served defendant in this case (and it is not) and leave were required to render its response timely,[1] plaintiff would still not be entitled to a default judgment because I am granting defendant leave, over plaintiff's numerous and vociferous objections, to respond to the complaint out of time. All motions relating to default filed by plaintiff are therefore denied.

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the

---

[1] As explained by defendant in its reply brief in support of the complaint, it cannot be in default because a proper defendant has not been named or served in accordance with the Federal Rules of Civil Procedure.

pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

Even with a liberal construction,[2] plaintiff's complaint fails to state a claim upon which relief can be granted because it fails to identify any government agency or individual defendant or set forth any specific cause of action entitling plaintiff to relief. Plaintiff cannot revisit the final rulings made in his prior case by simply filing a new lawsuit, and any claims against the presiding judge based upon her rulings in that case are barred by the doctrine of absolute judicial immunity. See Harris v. Missouri Court of Appeals, Western District, 787 F.2d 427, 429 (8th Cir. 1986). As plaintiff's complaint contains nothing more than rank speculation, unsupported inferences, and unwarranted conclusions, it must be dismissed. Plaintiff has not sought leave to amend, and amendment would be futile in any event given the nature of plaintiff's allegations, so the dismissal is final. All remaining motions filed by plaintiff are denied as meritless.

---

[2] *Pro se* complaints are to be construed liberally, but must still allege sufficient facts to support the claims alleged. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** defendant is granted leave to file its motion to dismiss [8] out of time, and the motion to dismiss [8] is granted in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed.

**IT IS FURTHER ORDERED** all remaining pending motions are denied.

A separate Judgment in accordance with this Memorandum and Order is issued this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2018.