UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL C. WILLIAMS,      )
                           )
       Plaintiff,        )
                           )
      vs.                )      Case No. 4:18 CV 722 CDP
                           )
UNITED STATES GOVERNMENT,   )
                           )
       Defendant.      )

## MEMORANDUM AND ORDER

This closed case is before me on the latest round of motions filed by plaintiff. I dismissed plaintiff's *pro se* "Petition to Sue the United States Government" on October 25, 2018.[1] Despite that ruling, plaintiff has continued to file meritless motion after meritless motion, insisting that a default judgment arose automatically in this case and that he is therefore entitled to relief. As I have explained time and again, he is not. **Plaintiff did not name or serve a proper defendant in this case.** "The United States Government" is not a properly named and served defendant. Therefore, even if plaintiff were somehow correct that default judgments simply automatically arise, he would never have been entitled to one in this case where he never named or served a proper defendant.

---

[1] Plaintiff initially appealed my ruling to the Eighth Circuit Court of Appeals, but he voluntarily dismissed that appeal after being notified that he was required to pay an appellate filing and docketing fee. [Doc. #42, #44, # 45]. My ruling, therefore, is final.

And of course plaintiff is grossly mistaken in his interpretation of the law.

**<u>Default judgments do not arise automatically</u>**.  While a party may be considered in default for failing to file a responsive pleading, default judgments must still be entered by the Clerk or the Court, and then only when certain conditions (none of which were present in this case) are satisfied.  *See* Fed. R. Civ. P. 55(b).  The Court never entered a default here because, as just stated, there was never a properly named and served defendant in default.  Moreover, even if there were, I granted leave over plaintiff's objection to defendant to file its motion to dismiss.  [Doc. # 24].  As it is well within my discretion to grant even a defaulted defendant leave to file a responsive pleading in a case, it was certainly well within my discretion in this case to permit the improperly named and served defendant to file its motion to dismiss.  *See* Fed. R. Civ. P. 55(c).

Setting aside the procedural posture of this case, **<u>plaintiff would never be entitled to a default judgment in this case because he is not entitled to relief as a matter of law</u>**.  Under Rule 55(d) of the Federal Rules of Civil Procedure, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that

satisfies the Court." As I previously explained, plaintiff can never meet that standard in this case.[2]

Plaintiff is not entitled to continue filing vexatious and harassing motions in this closed case. The latest round of motions, insisting that the Court "enforce" or "affirm" a decision of the Eighth Circuit, are nonsensical and patently meritless. The Eighth Circuit dismissed plaintiff's appeal of this case on his own request, thus conclusively resolving this case. This closed case is final, and there is nothing more this Court is obligated to do. Plaintiff lost, and his equally meritless request that the Chief Judge "intervene" in this case will not change this fact. If plaintiff files any more motions in this closed case, I will recommend to the Court *en banc* that it bar plaintiff from future filings. **This is plaintiff's final warning**. **Stop filing motions in this closed case**.

Accordingly,

---

[2] In this case, plaintiff complained of "Illegal Actions of the United States District Court for the Eastern District of Missouri" because an earlier lawsuit, *Metro Publishing Group, Inc. v. Murphy*, 4: 15 CV 1886 CEJ, was dismissed. Plaintiff appealed the dismissal of that lawsuit, and the district court's dismissal was upheld by the Eighth Circuit Court of Appeals. As I previously stated, plaintiff cannot revisit the final rulings made in his prior case by simply filing a new lawsuit, and any claims against the presiding judge based upon her rulings in that case are barred by the doctrine of absolute judicial immunity

**IT IS HEREBY ORDERED** that all pending motions [52, 53, 54] are

denied.


_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of May, 2019.